**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10831
_____

JAMES M. NEW,

Plaintiff-Appellant,

versus

MARK TOLLE, Judge, District Court
Judge #3; BILL LONG, District Clerk,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

(3:95-CV-1277-X)
_____

January 9, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Prisoner-appellant James M. New filed a notice of appeal in this civil action before April 26, 1996, the effective date of the Prison Litigation Reform Act of 1995 (PLRA). The PLRA requires a prisoner appealing *in forma pauperis* in a civil action to pay the full amount of the filing fee, $105. If funds for immediate payment are not available, this court is to assess and, when funds exist, collect, as a partial payment of the filing fee, 20 percent of the greater of: (a) the average monthly deposits to New's trust-fund account, or (b) the average monthly balance in that account for the six-month period immediately preceding September 18, 1995, the date of the filing of the notice of appeal herein. After payment of the initial partial filing fee, funds shall be deducted from New's account until the full filing fees are paid. See 28 U.S.C. § 1915(b)(1),(2). **Adepegba v. Hammons**, ___ F.3d ___, 1996 WL 742523 (5th Cir., Dec. 31, 1996).

New has 30 days from the date of this order to comply with the PLRA requirements, including:

1) payment of the appellate filing fee of $105 to the clerk of the district court; or

2)(a) the filing in this court of an affidavit stating all assets that New possesses; and

(b) the filing of a certified statement by the custodian of New's trust-fund

2

account for the six-month period immediately preceding the date of the filing of the

notice of appeal herein.

The clerk of this court is directed to provide New with the proper forms for compliance herewith.

This appeal is held in abeyance until New complies herewith or until the expiration of 30 days, whichever comes first. If New does not comply within the 30 days, the clerk of this court is directed to dismiss the appeal for lack of prosecution. See Fifth Circuit Rule 42.3.

APPEAL HELD IN ABEYANCE. COSTS ORDER ENTERED.